# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5419 | **DATE** | 9/28/2011 |
| **CASE TITLE** | Cheryl Yachnin vs. Village of Libertyville et al | | |

## DOCKET ENTRY TEXT

The Court denies Yachnin's Motion for Reconsideration.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Cheryl Yachnin ("Yachnin") moves the Court pursuant to Rule 59(e) to reconsider its March 10, 2011 Order dismissing Counts I and III of her Complaint. For the following reasons, the Court denies Yachnin's Motion for Reconsideration.

### I. Standard of Review

Federal Rule of Civil Procedure 59(e) serves the limited function of allowing courts to correct manifest errors of law or fact or consider newly discovered material evidence. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (manifest error is the wholesale disregard, misapplication, or failure to recognize controlling precedent). Rule 59(e), however, "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance legal arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Reconsideration is only appropriate when "the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotations omitted). Whether to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

### II. Discussion

The Court previously held that Yachnin failed to state a claim in Counts I and III of her Complaint, which alleged that the Village of Libertyville, Libertyville Police Chief Patrick Carey, Liberty Police Sergeant James Finn, and Lake County State's Attorney Michael Waller (together "Defendants") violated her constitutional rights when they pulled her over and held her in contempt pursuant to a No Refusal Weekend and maliciously

| STATEMENT |
|---|

prosecuted her. The Supreme Court of the United States has held that such sobriety checkpoints are constitutionally permissible as reasonable intrusions on an individual's constitutional rights, especially in light of the state's interest in preventing deaths and mutilations that result from drunk driving. *See Mich. Dep't of State Police v. Sitz*, 496 U.S. 444 (1990); *see also United States v. Brock*, 632 F.3d 999 (7th Cir. 2011) (mandatory eight-car-at-a-time sobriety checkpoint constitutionally permissible); *United States v. Trevino*, 60 F.3d 333 (7th Cir. 1995) (traffic safety check performed on all cars constitutionally permissible). The Court allowed Yachnin to pursue her claims in Count II, which alleged that the Defendants falsely arrested her.

Here, Yachnin does not seek to reinstate Counts I or III but instead directs her Motion for Reconsideration "at the Court's limitation of Count II to only a claim for false arrest." (Doc. 53 at 1.) Yachnin now seeks to pursue "claims for violations of her rights to Due Process, Equal Protection and Liberty under Count II, because the Defendants had no authority to adopt a No Refusal Weekend." (*Id*.) Yachnin also alleges, for the first time, that Libertyville was unable to enact a No Refusal Weekend because it is a non-home-rule municipality.

### A. Constitutional Claims

As an initial matter, the due process and equal protection claims that Yachnin seeks to add to Count II are not cognizable under the false arrest claim that she alleged in her Complaint, which stated only that the Defendants "lacked probable cause to arrest" her in violation of 42 U.S.C. § 1983. (Compl. ¶ 70.) Therefore, Yachnin's Motion for Reconsideration improperly attempts to expand the reach of Count II to include additional constitutional violations. *See Bally Export Corp. v. Balicar, Ltd.,* 804 F.2d 398, 404 (7th Cir. 1986) ("...a motion for reconsideration is an improper vehicle to introduce evidence previously available or to tender new legal theories."). Moreover, these additional constitutional violations—of due process and equal protection—were already presented to the Court in Count I of the Complaint and the Court considered and rejected them in its March 10th Order. Yachnin has not provided the Court with any new evidence or precedent to challenge its previous holding and her claim that the Court failed to consider the "totality of the circumstances" in its previous order is without merit.

### B. Libertyville as a Non-Home-Rule Municipality

Yachnin's claim that the Village of Libertyville is a non-home-rule municipality that lacked the authority to institute No Refusal Weekends was not an argument raised in her Complaint or during the Motion to Dismiss. *See Moro*, 91 F.3d at 876 (Rule 59(e) "does not allow a party to . . . advance legal arguments that could and should have been presented to the district court prior to the judgment."). Yachnin may not introduce this legal argument at this stage of the proceedings.

Yachnin's argument is also meritless. Yachnin argues that Libertyville, as a non-home-rule municipality, cannot enact ordinances that conflict with state law. As the Court previously held, however, Libertyville's No Refusal Weekends do not conflict with state law. (Doc. 43 at 17-19.) The Court noted that the Supreme Court of Illinois allowed for warrantless breath or blood testing in the DUI context and found that such testing did not violate the Illinois Vehicle Code. *People v. Jones*, 824 N.E.2d 239 (Ill. 2005). This Court also noted that Illinois, unlike other states, does not expressly prohibit warrantless non-consensual blood samples in the DUI context. *See Marshall v. Columbia Lea Reg'l Hosp.*, 474 F.3d 733, 741 (10th Cir. 2007) (finding a violation of the Fourth Amendment where an officer compelled a blood sample against the driver's will because New Mexico law explicitly prohibited warrantless non-consensual blood samples in the DUI context). Libertyville's No Refusal Weekend is therefore not inconsistent with Illinois law or precedent. Moreover, the penalty associated with No Refusal Weekends—a finding of contempt for the failure to comply with a court order—is consistent with Illinois

| STATEMENT |
|---|

law, which allows for breath or blood testing to be compelled with means short of "physical force." *Jones*, 824 N.E.2d at 202.

Yachnin's attempts to distinguish *Schmerber v. California* are also unavailing. In *Schmerber*, the Supreme Court upheld a police officer's attempt to secure evidence of blood-alcohol content by obtaining a warrantless blood sample in the DUI context. 384 U.S. 757, 771 (1996). As this Court previously noted, Libertyville's No Refusal Weekend complied with both *Schmerber* and *Jones* because it did not allow officers "unbridled authority" to compel a breath or blood sample. (Doc. 43 at 18.) Yachnin has not provided the Court with any additional authority suggesting that the procedures and safeguards associated with No Refusal Weekends—including a field sobriety test and a hearing before an impartial judge—fall short of the "unbridled authority" standard.

### III.    Conclusion

Yachnin's Motion for Reconsideration improperly attempts to raise arguments that were not pled in her Complaint or presented to the Court during the pendency of the underlying Motion to Dismiss. The Court previously held that Libertyville's No Refusal Weekend complied with Illinois law and did not violate Yachnin's constitutional rights. Yachnin has not provided the Court with any precedent or evidence to challenge that holding. Therefore, for the reasons stated, the Court denies Yachnin's Motion for Reconsideration.